This morning is the United States against Jose Maldonado and Francisco Macias. Mr. Thompson. May it please the court. The defendant appellants in this case, Francisco Macias and Jose Maldonado, were convicted of a drug conspiracy. They were convicted of conspiring with one another and with Edwin Rodriguez, but the evidence at trial demonstrated that no such conspiracy existed. At best, Macias and Maldonado had a buyer-seller relationship where Macias would at times sell drugs to Mr. Maldonado. None of this conduct, however, could have been established to amount to a conspiracy or an ongoing relationship of any kind. It was a series of one-off transactions. Now, of course, the district court ticks off quite a few things that a jury could see as going beyond a one-off buyer-seller. They're sharing resources. They're loaning cars back and forth to each other. They're jointly brokering the deal on January 14, 2010 for the purchase from Gorostieta to Hernandez Ramirez. They both share a bit of the proceeds and on and on. You don't have to have people standing up and announcing, I am conspiring with so-and-so. Why isn't that perfectly good circumstantial evidence supporting the jury's verdict? Your Honor, it is circumstantial evidence that can be considered, but it is not enough on its own to establish that a conspiracy actually existed. Why not? Because... Why doesn't it allow the jury to say there's more going on between you guys than buyer-seller? And, Your Honor, part of the reason it doesn't is because of the other circumstances in the case, which actually involves some of the other issues in this appeal, where Maldonado was actually conspiring with another person to rob Macias at the same time some of this was going on. I mean, that's what the government says. I mean, I think the district court says at some point there's no honor among thieves, you know, but it doesn't mean that they aren't working together to sell the cocaine. Well, if one of them thinks they're working together and the other one is intending instead to work against that party... They are working together for the sales. Now maybe there's going to be a further transaction. Well, in this case, what was actually happening is one party was misleading the other one into thinking they were working together while intending to rip him off instead. And when that happens, there is no actual agreement. One... Mr. Macias, in this case, thought there was an agreement. He intended to distribute his drugs that he had with his cousin, Garostieta, in one way. Maldonado stepped in and agreed with another person to rob those drugs, to steal them, and to rob Garostieta. And that shows that there was never actually an agreement to commit a specific crime between the parties because one person was misleading the other one all along. Now... I mean, never is a strong word. There's... That might be... Actually, I don't agree with you even about that one transaction, but it is just one transaction. Maldonado and Macias are doing quite a bit together. But what they are doing is a series of transactions where one person is selling drugs to another. They're not invested in each other's businesses. A lot of evidence of fronted cocaine sales. But fronting on its own isn't enough to establish a conspiracy. It is circumstantial evidence that can be considered, but it doesn't establish that there was some sort of ongoing agreement with what would happen to the drugs after they were distributed from sharing of a car, sharing and provision of equipment, cocaine cutting agents. Yes, there's a lot more than just the fronted sales. I agree that the evidence did exist, but it doesn't... This is basically a jury argument. This argument was made to the jury. The buyer-seller instruction was given in this case. The jury was entitled to accept or reject the defense argument. But the problem in this case, Your Honor, is the jury was misled into what the law was, about what the law was that they were supposed to consider because of the two jury instruction issues that are raised in this brief. The first being the multiple conspiracy instruction, where the jury was told that they could convict if they thought that there was a smaller conspiracy than the one that was charged in the indictment, as long as it was included in the larger conspiracy that was charged. So there's nothing wrong with that. I mean, that instruction came from the pattern instructions, basically. It's a little unusual or maybe a lot unusual for the government to ask for it, but they explained themselves by saying that the defense had raised so much about the scope of the conspiracy that they thought in this instance it would be useful for the jury, so it's given. It's not... You're not arguing that this was an inaccurate statement of the law. Not inaccurate, but misleading in this case because of the way it's worded, because it uses language like included within the larger conspiracy. But that's what the law requires. It is, but in this case, that should have been clarified to... Because if there was a small conspiracy between Macias and Maldonado, it is nominally included in the one that was charged and that both Macias and Maldonado are named in that count, but it wasn't substantively included because it didn't have the same... Why wasn't it substantively included? They're selling cocaine together on the... Fronting, cars, et cetera, even though they're also looking out for themselves. Because there was no agreement among the three charged defendants, Rodriguez, Maldonado, Macias, to ever distribute cocaine together for the same goal. There doesn't have to be. Well, there has to be an agreement that they will distribute cocaine. And if Maldonado agrees with Macias that they're going to distribute cocaine among each other, and Rodriguez has some other agreement with Maldonado, that doesn't make them party to the same agreement. So, but if Rodriguez's agreement with Maldonado had been to go rob jewelry stores or something, I can certainly see that would be a different conspiracy. But you're basically saying that if the indictment charges a conspiracy among A, B, and C, and the government convinces the jury just that A and B conspired for exactly that purpose, for exactly that end, that that's no good? I'm saying if they have charged that there is one overall conspiracy, and the evidence establishes that A and B had some conspiracy, and B and C had a different conspiracy with different ends, they can't... I'm not agreeing with you that it's different, though. That's the jewelry stores. If A, B, and C are charged that it's a conspiracy about cocaine in a certain neighborhood of the city, and it's, you know, there are interactions that deal with that, but in the end, the proof is really solid, at least the jury thinks, just on A and B, for the cocaine, for that part of the city, for that sort of thing, then why isn't that fine? That's the smaller conspiracy that's included within the larger conspiracy. Because in this case, Your Honor, Macias' drugs are the jewelry store. Maldonado and Rodriguez are conspiring to rob him instead of robbing a jewelry store. And you don't conspire to rob somebody that you're in a criminal agreement with, or there is no agreement. Where do you get that from? I mean, I'm not sure. Because it's the definition of an agreement, Your Honor. Both parties have to have a meeting of the minds about what they're agreeing to. If you're misled about what is being discussed, you can't agree about what the goal of the conspiracy is. And that's what happened here. One party took advantage of the other one, or attempted to do so. And when that happens, they're not on the same page. That's what the evidence establishes. That's why the defense meeting of the mind instruction should have been given here. And if it wasn't given as worded, then some clarification about what it meant to agree should have been given.  I'll reserve the remainder of my time for rebuttal, Your Honor. Thank you. Mr. Fullerton. Good morning. May it please the court. The evidence was sufficient, amply sufficient, to overcome the buyer-seller defense. Jury was properly instructed. And as the court recognized today, I mean, there was evidence to show that Macias and Maldonado and Rodriguez conspired together as charged in the indictment to deal cocaine. Is that enough, just that it's the same drug? I mean, suppose Maldonado and Rodriguez had been dealing in methamphetamine. Would you consider that to be a failure of proof of the conspiracy charged in the indictment as to that part? Well, if that's all there was as to Maldonado and Rodriguez, perhaps. But what I was trying to say earlier is that the evidence showed all three of them conspired together. At the very least, Maldonado and Macias conspired together, and Maldonado and Rodriguez's conspiracy involved cocaine as charged in the indictment. They were attempting to get cocaine by fair means or foul to distribute as charged. So is it the government's position then at this point that we don't really, given that this is just the appeal of Maldonado and Macias, that we don't even need to worry about Rodriguez? I think, well, I think that's right. Maldonado and Macias, the evidence showed that they conspired together. I mean, I don't think there's any question about it. They conspired together before the attempted robbery plot with Maldonado and Rodriguez, and they conspired together after the attempted robbery plot. There was the, if you recall, the robbery scheme took place on January 14, 2010. That was the same day that Macias and Maldonado brokered as middlemen a two kilogram cocaine deal, in which they are clearly conspiring to put a drug seller together with a drug buyer and share equally in the profits of that transaction. That's a clear drug conspiracy among those two. After the robbery plot of that same night never happens, Maldonado, Macias, and Rodriguez conspire on January 27th, less than two weeks later, where there's this transaction where Maldonado sends Rodriguez to Macias to get nine ounces of cocaine. Well, that's when he gets the kilo instead. And Macias gives him instead an entire kilo. And clearly, the one, Maldonado is conspiring with Rodriguez to go get it from Macias. That's clear evidence of a three person cocaine conspiracy. Now, the robbery plot, as shown here this morning, was largely what led to the government seeking the multiple conspiracies instruction. The defense attempted to use the robbery plot, as they do here today, as evidence that as something that negated the possibility that Macias and Maldonado had conspired together. And the multiple conspiracies instruction provides, and the law provides, that this is not true. Macias and Maldonado conspired before. Maldonado attempted to rip off Goro Stietta, and they conspired together afterwards. The two could exist together and did, in fact, exist together. So, given that defense, it was appropriate for the district court to inform the jury that this is, that finding Macias and Maldonado had conspired was enough, even in light of the Maldonado-Rodriguez robbery scam. The other reason... Now, no one ever objects, or what sort of objection? I guess I understood that no one was complaining that there was a legal flaw in the statement, in the presentation of the multiple conspiracy instruction. Right. Was there any other objection made? The only objection that I understand, aside from the fact that it was the government that proposed it, not the defense, they attempted to argue that this was solely an instruction to be offered at the defense request. The only other objection that I understand... That can't be right. I mean, the court could have decided to do it on her own. She brought it. If it's an accurate statement of the law, and it's warranted by the circumstances, it's appropriate to give, to help the jury. The only other objection I understand is that... And I think I understand, is that given the instruction, if the jury had convicted on the basis that only Maldonado and Macias had conspired, and the Macias had not conspired with Rodriguez, then Rodriguez's statements captured on the wiretap of Maldonado's phone, offered against both Macias and Maldonado, would have been inadmissible as co-conspirator statements against Macias. Macias is the only one who raised this argument. Right. And therefore, a mistrial was warranted or something like that. That it was inappropriate to give the instruction. I don't think... That's not correct. Well, the government's response, I take it, is you went through the Santiago process and by preponderance that there was a conspiracy. Right. The government had appropriately, in advance of trial, made a Santiago proffer about what it intended to show at trial about co-conspirator statements and the basis for their admission. The district court provisionally allowed the government to introduce those statements, and so the trial went forward. And at the close of the government's case, this issue was again revisited as is appropriate, and the court found that, well, the government has established by preponderance that those statements were admissible under 801 D2E or whatever the co-conspirator exception to the hearsay rule is. And so therefore, the evidence was properly admitted as to both defendants on the basis that the government has shown a three-person conspiracy. Okay. Now, we don't know on what basis the jury convicted on. There was no special verdict for them to declare whether they found it a three-person conspiracy or a two-person conspiracy. Both bases were lawful, would have been lawful, and both bases were supported by the facts. In that event, there's no ground for granting a mistrial, and we think the conviction should be affirmed. Is there any questions? I see none, so thank you very much. Thank you. Mr. Thompson. Your Honor, the government's argument that we don't need to worry about Rodriguez ignores that Rodriguez was part of the conspiracy that was charged. This wasn't a charge that Macias and Maldonado conspired with just each other on one specific drug transaction where someone was working at the middleman. It was a conspiracy between three people that went on for a period of months. Among three people. Go ahead. You are correct, Your Honor. Among three people that went on for a period of months, and that was the charge that these defendants were defending against. The defendants might have participated in drug transactions between each other, Macias and Maldonado. Many of them were cash transactions. A couple of them were fronted. But that doesn't establish that they conspired with everybody who each individual also may have conspired with separately. The charge here was- Conspiracy instruction. Well, not ever necessarily wrong that you government always has to prove that every single person named in the indictment actively participated in a conspiracy. Well, what they have to prove is that the conspiracy they charged did exist. And in this case, the conspiracy they charged was this three person conspiracy. If they if they can only prove a subset of that conspiracy existed and not the larger conspiracy, and other subsets of the same charge conspiracy also existed and work at cross purposes with each other, which is what happened here, then the defendants aren't guilty of participating in a conspiracy together. There is no joint objective among the people that were actually charged. That's the problem with the evidence in this case, Your Honor. And the government brings up that Mr. Macias conducted a transaction with Rodriguez where he went for nine ounces and he gave him a kilogram. That doesn't support that there's a conspiracy, Your Honor, among the three of them. That supports that Mr. Macias is trying to sell as much of his product as possible in a buyer-seller fashion. He wants Rodriguez to take more so he gets more money. There's no agreement about that among the three. In fact, Rodriguez and Maldonado are complaining about that to each other. So this shows that the three of them did not conspire and any subset is not included in a larger overarching conspiracy because there was no larger agreement. There are no further questions. I ask that the conviction on count one be vacated. All right. Thank you very much. And I believe we appointed you for Mr. Maldonado. Is that correct? Oh, well, we appreciate your assistance to the court and to your client. And the case will be taken under advisement.